IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
05/04/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| DILSHOD SIDIKOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-3041-JWL |
| | ) | |
| C. CARTER, Warden, FCI-Leavenworth; | ) | |
| TODD LYONS, Acting Director, | ) | |
|   U.S. Immigration and Customs Enforcement; | ) | |
| KRISTI NOEM, Secretary, | ) | |
|   Department of Homeland Security; and | ) | |
| PAM BONDI, Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Russia, entered the United States in June 2023, although removal proceedings were initiated at that time.  On June 24, 2025, immigration officials took petitioner into custody, and on September 2, 2025, an immigration judge ordered petitioner's removal to Russia.  Petitioner is presently detained within this judicial district.  On March 5, 2026, petitioner filed the instant petition.  Respondents filed an answer and a supplemental answer to the petition, the deadline for a reply brief has expired, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). In this case, petitioner's removal period began on October 2, 2025, when petitioner's appeal deadline expired and the removal order thus became administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (removal period begins when removal order becomes final); 8 C.F.R. § 1241.1(c) (removal order becomes final upon expiration of the time allotted for an appeal). The Supreme Court held in *Zadvydas*, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should

hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.   . . .

We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters.  But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted).   The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds in this case that petitioner is not entitled to relief under this framework.  Only seven months have passed since the start of the removal period, petitioner holds a valid Russian passport, and Russia has now confirmed petitioner's citizenship.  Therefore, the Court finds that petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Moreover, even if petitioner had made the requisite showing, the Government has submitted sufficient evidence in rebuttal, including evidence that Russia issued a travel document for petitioner, which expired when petitioner's removal flight was canceled; that a new travel document will be issued once petitioner has another interview with Russian officials; and that petitioner will then be removed as soon as the new travel document is issued.

The Court also rejects petitioner's due process claim in which he alleges that he is not being detained for the proper purpose of effecting his removal.  Petitioner has cited no authority suggesting that his detention during this period is unconstitutional.  Nor has he shown that his detention is for an improper purpose.

Finally, the Court rejects petitioner's claim based on a violation of regulations.  Petitioner claims that he has not been "provided with any interview opportunity" during his detention, but respondents have submitted evidence that petitioner has in fact been interviewed as part of a custody review.  Petitioner has not established any violation of an applicable regulation, and the petition is therefore denied in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.


IT IS SO ORDERED.


Dated this 4th day of May, 2026, in Kansas City, Kansas.


/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5